

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CV–15–516

|  |  |
|---|---|
| | **Opinion Delivered** January 27, 2016 |
| MARION CARLTON AS TRUSTEE OF THE RICE INTER VIVOS REAL ESTATE TRUST, AS TRUSTEE OF EUGENE RICE FAMILY TRUST, AND AS TRUSTEE OF THE BERTHA RICE FAMILY TRUST | APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NOS. PR–04–309 AND PR–09–334] |
| APPELLANT | HONORABLE WILL FELAND, JUDGE |
| V. | REVERSED AND REMANDED |
| GRACE ELLEN RICE | |
| APPELLEE | |

## DAVID M. GLOVER, Judge

Marion Carlton appeals from the trial court's December 30, 2014 order removing her as trustee of three trusts (the Rice Inter Vivos Real Estate Trust, the Eugene Rice Family Trust, and the Bertha Rice Family Trust) and directing that a third-party administrator and trustee be appointed by agreement of the parties. Marion raises three points: 1) the trial court erred by denying her due-process rights; 2) if the order is deemed to have constituted a denial of her motion to dismiss, the trial court erred by not granting appellant her right to file a responsive pleading in opposition to the petition for removal; and 3) the trial court erred by not specifying which of the four bases for removal pursuant to Arkansas Code Annotated section 28-73-706(b) were relied upon. We reverse and remand.

Bertha and Eugene Rice (both of whom are deceased) had three children: Jerry Rice, appellant Marion, and appellee Grace Ellen Rice. Bertha and Eugene created the three trusts involved in this appeal, and they named Marion as the trustee for each of the trusts.

On May 30, 2014, Grace Ellen filed a petition for the removal of Marion as trustee and for the appointment of a third-party administrator and trustee. She alleged eight counts as the bases for removal. On June 13, 2014, Marion filed a motion to dismiss Grace Ellen's petition for removal, arguing that all eight counts of the petition should be dismissed based on the doctrine of res judicata and/or Rule 12(b)(6) of the Arkansas Rules of Civil Procedure. Grace Ellen responded to the motion to dismiss, arguing that res judicata did not apply and that she had alleged sufficient facts to survive Marion's Rule 12(b)(6) challenge.

A joint hearing on the motion to dismiss and a subsequently filed motion to compel discovery was originally scheduled for October 9, 2014, but the hearing never took place because Marion's counsel was involved in an automobile accident. Thereafter, it was agreed that the trial court would rule on both motions without further briefs and without a hearing. However, without first specifically ruling on either motion, the trial court entered the December 30, 2014 order that removed Marion as trustee for the trusts. Marion immediately filed a motion to set aside the order. The gist of her motion to set aside contended that, while the parties had agreed for the trial court to rule on the motion to dismiss and the motion to compel without further hearing, she had never waived a hearing

on the petition for removal itself. The trial court did not actually rule on Marion's motion to set aside, making it deemed denied thirty days thereafter, and this appeal followed.

Although Marion raises three points of appeal, we have concluded it is her second point that is dispositive of this case and requires us to reverse and remand for further proceedings consistent with this opinion. In her second point, she contends the trial court erred in not allowing her to file a responsive pleading to the petition seeking her removal as trustee. We agree.

Marion relies upon Rule 12(a)(2)(A) of the Arkansas Rules of Civil Procedure, which provides as follows:

> (2) The filing of a motion permitted under this rule alters these periods of time as follows, unless a different time is fixed by order of the court: (A) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be filed within 10 days after notice of the court's action[.]

Here, whether the December 30 order is regarded as encompassing a denial of Marion's motion to dismiss or ignoring it, the end result is the same. The petition for removal was granted and Marion was removed as trustee of each of the trusts without ever having the opportunity to file a responsive pleading to the petition seeking her removal. Subsection (a)(2)(A) of Arkansas Rule of Civil Procedure 12 is both clear and plain. In granting the petition for removal in this fashion, the trial court short-circuited our procedural rules. Therefore, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

HARRISON and HIXSON, JJ., agree.

*Hilburn, Calhoon, Harper, Pruniski & Calhoun, LTD.*, by: *Traci LaCerra*, for appellant.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Christopher A. McNulty*, for appellee.